UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DWAYNE A. JONES,

                Petitioner,

    - against -

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------X

**MEMORANDUM
DECISION AND ORDER**

13 Civ. 0892 (BMC)

**COGAN**, District Judge.

    Dwayne Jones, currently incarcerated, has filed a letter *pro se* seeking to vacate his sentence. He essentially alleges that he now realizes that by pleading guilty pursuant to the Justice Department's "Fast Track" program in this district, he waived his right to contest his removal from this country. He states that if he is removed to his country of origin, he will be "in fear of my life," and that he only agreed to participate in the Fast Track program because of the "mental state [he] was in." He does not wish to vacate his guilty plea; he simply wishes to be resentenced without regard to the Fast Track program so that he will preserve his right to oppose removal. He acknowledges the impact this would have on his Guidelines calculation, but asserts that he has four children who need him in this country.

    Jones's letter does not cite that it is pursuant to any particular statute or rule. However, because a request to vacate his sentence would be time-barred if brought pursuant to Fed. R. Crim. P. 35, the only available procedure for the relief sought is 28 U.S.C. § 2255. See Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001). Section 2255 provides that a defendant may collaterally attack his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

Liberally construed, the Court would normally treat Jones's motion as a petition for a writ of habeas corpus under Section 2255. However, the Second Circuit has cautioned district courts against converting unlabeled applications in light of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") Section 106, 28 U.S.C. § 2244, which prohibits second or successive habeas petitions without the Circuit Court's permission. See Adams v. United States, 155 F.3d 582, 583-84 (2d Cir. 1998) (per curiam). In Adams, the Second Circuit held that "a motion purportedly made under some other rule" should not be

> recharacterize[d] . . . as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

Adams, 155 F.3d at 584; accord Castro v. United States, 540 U.S. 375, 383, 124 S. Ct. 786 (2003) (setting forth limitations on recharacterization of a first § 2255 motion).

Accordingly, Jones is hereby notified that the Court finds that his letter should be construed as a habeas petition under 28 U.S.C. § 2255. This recharacterization means that any subsequent Section 2255 motion will be subject to the restrictions on "second or successive" petitions.[1] Further, the Court advises Jones that any motion under Section 2255 is subject to the

---

[1] A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

2

one-year statute of limitation period set forth in 28 U.S.C. § 2255(f) and quoted in the footnote below.[2]

Jones may withdraw his letter if he does not wish to pursue relief under Section 2255, or he may amend his letter so that it contains all the Section 2255 claims he wants this Court to review. Should Jones choose to withdraw or amend the letter, he must notify the Court in writing within 21 days of the date of this Order. If Jones fails to so notify the Court, his motion will be adjudicated under Section 2255. No opposition shall be required at this time and all further proceedings shall be stayed for 21 days from the date of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
February 20, 2013

---

[2] A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).